**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.D.-1 and L.L.**

**No. 21-0459** (McDowell County 19-JA-17 and 19-JA-18)

**MEMORANDUM DECISION**

Petitioner Mother K.W.-1, by counsel Zachary K. Whitten, appeals the Circuit Court of McDowell County's May 5, 2021, order denying her motion for post-termination visitation with C.D.-1 and L.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardians ad litem, Monica Oglesby Holliday and Zoey Vilasuso,[2] filed a response on behalf of the children in support of the circuit court's order. Respondent Father C.D.-2, by counsel R. Keith Flinchum, filed a response in support of the circuit court's order. Finally, Respondent Maternal Grandmother K.W.-2, by counsel Paige Flanigan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and one of the fathers share the same initials, we will refer to them as C.D.-1 and C.D.-2, respectively, throughout this memorandum decision. Lastly, because petitioner and the maternal grandmother share the same initials, we will refer to them as K.W.-1 and K.W.-2, respectively, throughout this memorandum decision.

[2]Zoey Vilasuso, an eligible law student, was permitted to participate in the filing of the guardian's brief pursuant to Rule 10 of the West Virginia Rules for Admission to the Practice of Law.

1

As this case concerns only the circuit court's denial of petitioner's motion for post-termination visitation, it is unnecessary to set forth a detailed statement of the facts underlying the proceedings. Instead, it is sufficient to explain, as set forth more fully in her earlier appeal,[3] that petitioner was adjudicated upon her failure to protect the children from L.L.'s father, who severely injured C.D.-1. According to the evidence, the child's symptoms were indicative of an abusive injury. Petitioner was also adjudicated because she and L.L.'s father engaged in domestic violence. Despite these conditions, petitioner continued to live with L.L.'s father.

Ultimately, the court terminated petitioner's parental rights to the children based on evidence of her failure to improve; her refusal to acknowledge any wrongdoing; and her continued relationship with L.L.'s father. Although petitioner indicated that she ended the relationship one week prior to the hearing, she was nonetheless pregnant with his child at disposition. Importantly, petitioner testified at the dispositional hearing that she could not be sure that L.L.'s father injured C.D.-1 because she required proof, which ignored the fact that the child was in L.L.'s father's care at the time of the injuries and the medical evidence establishing that the injuries were nonaccidental.

Relevant to the current appeal, the court held a permanency review hearing in April of 2021, during which it addressed petitioner's motion for post-termination visitation with the children. Based on the evidence, the court found that petitioner still interacted with L.L.'s father frequently and lived in close proximity to him. Further, when giving birth to her most recent child, petitioner rode to the hospital with L.L.'s father, permitted him to hold the newborn child, and let him stay in the hospital with her. The court therefore found that petitioner failed to timely sever her relationship with L.L.'s father and, in fact, "remains in a *de facto* relationship" with him. According to the court, "throughout these proceedings one thing has remained constant: [petitioner's] children are second-best to [L.L.'s father] notwithstanding her words to the contrary." The court further found that petitioner "to this day has knowingly chosen to do nothing" in regard to the conditions of abuse and neglect that necessitated the termination of her rights. The court also found that petitioner "effectively disregarded whatever bond that may have existed between" her and the children. As such, the court found that it would be "prejudicial, detrimental, and manifestly harmful to the children if post-termination visitation were granted." Finding that it was "duty-bound to protect these innocent [children] from further abuse and neglect," the court denied petitioner's motion for post-termination visitation.[4] It is from the order denying post-termination visitation that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[3]*See In re C.D.-1 and L.L.*, No. 21-0334, 2021 WL 4938168 (W. Va. Oct. 13, 2021)(memorandum decision).

[4]The permanency plan for L.L. is adoption in the current foster home. The permanency plan for C.D.-1 is to remain in the custody of the nonabusing father.

2

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for post-termination visitation. According to petitioner, the court did not take into account the close emotional bond between her and the children, as evidenced by their interactions during visits throughout the proceedings. We find no merit to petitioner's argument. Contrary to petitioner's argument, the court made extensive findings about petitioner's clear inability to put the children's safety above her own desire to have continued contact with L.L.'s father, an individual who seriously injured C.D.-1 through nonaccidental trauma. Petitioner can cite to no evidence in the record sufficient to overcome the court's findings that she continues to present an ongoing threat to the children by virtue of her failure to acknowledge that L.L. intentionally injured C.D.-1. This fact is determinative of the issue on appeal.

As we have explained,

"[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). The evidence clearly establishes that contact with petitioner would be detrimental to the children, as she continues her relationship with the individual who intentionally injured C.D.-1 and refuses to acknowledge the conditions of abuse and neglect that resulted in the termination of her parental rights. Even more egregiously, petitioner gave birth to another of L.L.'s father's children, permitted him to remain in the hospital with her, and then allowed him to hold the child. This reckless conduct clearly evidences the fact that petitioner represents an ongoing threat to the safety and wellbeing of the children. As such, we find no error in the circuit court's denial of petitioner's request for post-termination visitation with the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 5, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton